## Smith, et al. v. Maloney's Guardian, et al.

(Decided October 12, 1926.)

### Appeal from Breathitt Circuit Court.

Mortgages.—Evidence held to establish that deed absolute was intended as mortgage rather than an absolute sale.

W. L. KASH for appellants.

G. C. ALLEN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

In the year 1911 Hardin Smith and two of his younger brothers went from Breathitt county to Wisconsin. G. G. Maloney, who had lived in Breathitt county

not far from them, had before this separated from his wife and gone to Wisconsin. After the Smith boys got there the two younger boys wanted to return to Kentucky and Hardin, not having the money to pay their way, went to G. G. Maloney to borrow $50.00 for this purpose, offering to mortgage to him his part of the home place in Breathitt county as security therefor. The place was worth about a thousand dollars; Hardin owned a fourth of it. His mother was then living on the place. G. G. Maloney said he would write to his brother, Millard Maloney, who would furnish the money. He had a deed drawn to Millard Maloney for the land, and told Smith it was just the same as a mortgage. Smith didn't know whether to take it or not. The deed was dated March 25, 1911; it was an absolute conveyance of the property in consideration of $60.00 in hand paid. It was acknowledged by Smith on that day, and G. G. Maloney executed and delivered to Smith the following writing:

"This agreement made and entered into this 25th day of March, 1911, by and between G. G. Maloney of the first part and Hardin Smith of the second part, witness: That whereas the said G. G. Maloney has this day loaned the said Hardin Smith the sum of fifty dollars in money and the said Hardin Smith has executed a deed upon certain land in Kentucky, now it is agreed and understood that in consideration of said loan if the said Hardin Smith shall pay the said G. G. Maloney the sum of sixty dollars within one year from date, then and in that case the said G. G. Maloney will and he hereby agrees to convey said premises to the said Hardin Smith. In witness whereof I have hereunto set my hand this day and year aforesaid.

(Signed) G. G. MALONEY.

"In presence of:
S. A. CORNING
JOSEPH SMITH."

Within the year Hardin Smith returned to Kentucky and went to G. G. Maloney and offered to pay him the $60.00; he declined to take the money but told him to pay it to Millard Maloney, his brother. Smith then went to Millard Maloney and paid him the $60.00 and Millard Maloney executed to him a deed for the land, dated March 23, 1912, which was soon thereafter duly recorded, and

Smith continued on the land, claiming it as his own. On October 25, 1922, this suit was brought by Millard Maloney, Jr., by his guardian, against Hardin Smith to quiet his title to the land, Millard Maloney, Jr., being a son of G. G. Maloney, who was six years old when the original transaction occurred in Wisconsin.

The above are the facts as proved by Hardin Smith, his uncle and his brother who were with him in Wisconsin. On the other hand, G. G. Maloney swears that he declined to take a mortgage and bought the land from Hardin Smith for $60.00 and had it conveyed to his son, Millard Maloney, Jr., telling Smith at the time that this was the only way he would let him have the money. He also testifies that when Smith came to redeem the land he told him that he could not redeem it as it was deeded to his son. But he admits giving to Smith the writing above quoted, and in explanation of the writing says that he only gave it to Smith to show his mother so as to make her think he had not sold the land. He proves by one of his sons, who was then eleven years old, and by a woman who was in his family, that the transaction in Wisconsin was as stated by him.

On this proof the circuit court gave judgment in favor of Millard Maloney, Jr., for the land, and Hardin Smith appeals.

The devices to conceal usury are as old as the usury law, and it is the settled policy of the court to look at the real transaction, and disregard entirely the name the parties give it or the form in which they put it. Unquestionably this transaction was a lending of $50.00. The writing which G. G. Maloney signed at the time plainly sets out the fact that he had this day loaned Hardin Smith the sum of $50.00, and obligated him to convey the land back to Smith if Smith paid him $60.00 within one year from that date. This writing is entirely inconsistent with the testimony of G. G. Maloney, for if he had bought the land for his son and had had it deeded to his son, who was six years old, no one could at the end of the year convey the premises back to Hardin Smith. His explanation of this writing adds force to it; a witness who says that he executed a paper to deceive is not credible, for if he is willing to deceive one person he may be willing to deceive others. Reasonably if he had intended the deed to be to his son Millard he would have designated him in the deed

as Millard, Jr., which he did not do. If the land had in fact been conveyed to his son Millard, Jr., he should not have allowed his brother to accept the $60.00 or make a deed to Hardin Smith, and from all the circumstances it is apparent he knew of this when it was done and held his peace for ten years. On the facts of the case it is clear that the claim that the land was conveyed to the little boy six years old is an afterthought.

Judgment reversed and cause remanded with directions to dismiss the petition.